IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | C/A No.: 3:10-196 |
| | ) | |
| Gina Anasti Lee, | ) | **ORDER** |
| | ) | |
| Debtor. | ) | |
| | ) | |

This matter comes before the court on the appeal of appellant Gina Anasti Lee (the "Debtor") from the bankruptcy court's order (the "Stay Order") lifting the automatic stay provisions imposed by 11 U.S.C. § 362(a). The Stay Order allowed a state court case to go forward then and currently pending before the South Carolina Court of Appeals (the "Stay Appeal"). Debtor has filed a motion to have this court stay the Stay Order. The parties fully briefed the motion and the appeal and presented argument to the court at a May 4, 2010 hearing. At the hearing, the parties agreed that the motion to stay the Stay Order is moot in light of the stage of the proceedings, and the court took the Stay Appeal under advisement. This order serves to announce the ruling of the court as to the Stay Appeal.

I.   Background

This case arises out of a tortured factual and procedural background and concerns the efforts of the Debtor to bring real property, located at 2325 Two Notch Road, Columbia, South Carolina (the "Property"), into her bankruptcy estate. In 1978, Albert Anasti, Debtor's father, jointly deeded the Property in the name of himself and his son, appellee James Anasti ("Anasti"). Albert Anasti died in 1995, and left the property to Debtor in his will. The will was probated in the Richland County Probate Court and Debtor secured a Deed of

Distribution to the Property, which was filed in the Richard County Register of Deeds, then known as the Richland County Register of Mesne Conveyances. Debtor then successfully rented the property for use as a restaurant until 1999, when she sold the Property to her commercial tenants, Goodwin and Wilson. The property sold for $177,000, with a $50,000 cash down payment, and owner financing in the amount of $122,000.

In December 2003, Debtor, Anasti, Goodwin, and Wilson were named as defendants in a lawsuit filed by the South Carolina Department of Transportation ("SCDOT"), which sought to condemn a portion of the Property. During the pendency of the 2003 SCDOT lawsuit, it came to light that the law firm charged with performing the title search in connection with the sale to Goodwin and Wilson failed to discover Anasti's interest in the property. Thereafter, Goodwin and Wilson promptly stopped making payments on the mortgage. On January 28, 2007, Anasti filed an action to quiet title to the property in the Richland County Court of Common Pleas, and the court entered partial summary judgment in his favor on October 26, 2007 (the "Quiet Title Action"), finding Anasti owned the Property. After some procedural wrangling, the Quiet Title Action is now properly before the court of appeals, with merits briefing to begin shortly.

On April 16, 2009, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code, and listed the Property as an asset with a value of $167,000. Debtor's filing effected a stay of the Quiet Title Action pursuant to 11 U.S.C. § 362. On June 22, 2009, the Chapter 7 Trustee filed a report of no distribution, finding no property available for distribution from

the estate. The Debtor then moved to convert her Chapter 7 case to Chapter 13. On August 20, 2009, Debtor initiated a Chapter 13 adversary proceeding against Anasti in bankruptcy court concerning the ownership of the Property. Anasti thereafter moved to lift the § 362 stay for the purpose of allowing the Quiet Title Action to proceed. The bankruptcy court granted Anasti's motion and Debtor appealed. Debtor's appeal is currently before the court.

II.     Standard of Review

The decision of the bankruptcy court to lift the § 362 automatic stay is within the discretion of the bankruptcy court and may be overturned on appeal only for abuse of discretion. In re Robbins, 964 F.2d 342, 345 (4th Cir. 1992). The automatic stay provisions act to give the bankruptcy court an opportunity to harmonize interests and preserve a debtor's assets, however, § 362(d)(1) allows for a bankruptcy court to terminate, modify, or condition a stay for cause. 11 U.S.C. § 362(d)(1). When determining the existence of cause for the purposes of § 362, the Fourth Circuit requires a court to consider: (1) whether the issues in the pending litigation involve only state law, so that the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court. In re Robbins, 964 F.2d at 345.

III. Discussion

Applying the factors listed above, the court finds that the bankruptcy court did not abuse its discretion in lifting the stay. Here, the bankruptcy court rightly deferred to the courts of South Carolina in abstaining, on grounds of comity, from a state-law adverse possession action on appeal in the South Carolina Court of Appeals. First, South Carolina courts possess particular expertise in interpreting South Carolina property law. See, e.g., Crawford v. Courtney, 451 F.2d 489 (4th Cir. 1971) (recognizing appropriate application of comity where state court of prior jurisdiction considers state property law issue). Because the Quiet Title Action only involves questions of state law, it could not be said to benefit from the special expertise of the bankruptcy court. Second, the Quiet Title Action has progressed to the appeals stage, where it is currently pending awaiting merits briefing. To allow debtor to pursue identical litigation in the bankruptcy court would be highly duplicative. This is true especially where the state-court action is nearly complete, and the bankruptcy action remains in its infancy. Third, the bankruptcy court conditioned the continuation of the stay on the conclusion of the Quiet Title Action, which should act to protect any interest the bankruptcy estate may come to possess in the Property should the court of appeals determine the Debtor possesses an interest in the Property.

IV. Conclusion

As set forth above, the bankruptcy court's decision to lift the stay is reviewed for abuse of discretion. Here, the bankruptcy court was asked to collaterally attack the judgment

4

of a state circuit court on a matter in which the state enjoys expertise, and to initiate essentially identical litigation in an alternate forum. Based on the foregoing, the court finds that the bankruptcy court did not abuse its discretion, that the Debtor's motion to stay is moot, and affirms the decision of the bankruptcy court as expressed in the Stay Order.

    IT IS SO ORDERED.

May 6, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge